UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>STAGEHANDS, INC. d/b/a GIZA, ANTHONY MASSARONE, and TEL REALTY, LLC<br><br>Defendants. | Case No. 08-<br><br>CA 08 224 |

**COMPLAINT FOR DECLARATORY RELIEF**
**AND JURY TRIAL DEMAND**

Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon"), by and through its attorneys, for its Complaint for Declaratory Relief, hereby alleges and avers as follows:

**Nature of the Action**

1. This Complaint is a request for a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. Proc. 57 declaring that Mount Vernon owes no duty either to defend or indemnify the Defendants in connection with claims made as a result of alleged injuries to Victor Cortes on or about July 29, 2006 in Providence, Rhode Island. The claims are excluded under the terms, conditions and/or exclusions of the subject insurance policy.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that diversity of citizenship exists between the Plaintiff and the Defendants and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) and (2) as the underlying action is pending in Providence County Superior Court, State of Rhode Island; the Defendants' businesses are located in Providence, Rhode Island; and the incident giving rise to claims or potential claims against the Defendants allegedly occurred in Providence, Rhode Island.

**Parties**

4. Mount Vernon Fire Insurance Company ("Mount Vernon") is an insurance company organized under the laws of the State of Pennsylvania with its principal place of business at 190 South Warner Road in Wayne, Pennsylvania.

5. Stagehands, Inc. d/b/a Giza ("Giza"), a nightclub, is a Rhode Island corporation with its principal place of business at 95 Hartford Avenue in Providence, Rhode Island (the "Property").

6. On information and belief, Anthony Massarone ("Massarone") is an individual residing at 20 Kevin Joe's Way in Wrentham, Massachusetts and, further, is the president and owner of Giza.

7. TEL Realty, LLC ("TEL") is a Rhode Island limited liability company with its principal place of business at 91 Hartford Avenue in Providence, Rhode Island.

Upon information and belief, none of TEL's members are residents of Pennsylvania. TEL leases the Property to Giza.

## Background

8. Defendants Giza and Massarone have asserted, and Defendant TEL may assert, that Mount Vernon owes defense and indemnity obligations to them for claims made in connection with Providence County Civil Action No. 08-2957, entitled, Victor Cortes v. Stagebands, Inc. d/b/a Giza and Anthony Massarone, (the "Cortes lawsuit"), which was filed on April 17, 2008. A true and correct copy of the complaint filed in the Cortes lawsuit is attached hereto as Exhibit A.

9. It is alleged in the complaint filed in the Cortes lawsuit that on July 29, 2006, Victor Cortes ("Cortes") was seriously injured while attending an event at Giza.

10. Cortes alleges that Giza was negligent in that it failed to provide adequate security and, therefore, breached a duty owed to Cortes to provide for his safety.

11. Additionally, Cortes alleges that Giza was negligent in that there was inadequate parking at the Property and that Giza, therefore, breached a duty owed to Cortes to provide for his safety. Cortes alleges that medical personnel were delayed in treating him due to parking congestion.

12. Cortes also alleges that Massarone was negligent in his training and supervision of Giza's employees and, further, that Cortes was injured as a result of Massarone's negligence.

13. On information and belief, the injuries allegedly sustained by Cortes were caused by and/or arose out of an assault and battery when Mr. Cortes was shot in the head in the parking lot of Giza.

14. On information and belief, a criminal action is pending in the Providence Superior Court against Luis Mercado ("Mercado") for the assault and battery of Cortes on July 29, 2006. Mercado is charged with, *inter alia*, assault with intent to murder and assault with a dangerous weapon, to wit, a handgun.

**The Insurance Policy**

15. Mount Vernon issued to Giza a Commercial Package Policy, policy number CP 2122268A (the "Policy"), with effective dates of November 12, 2005 to November 12, 2006. There is a gap in coverage from July 5, 2006 to July 24, 2006. A certified copy of the Policy is attached hereto as Exhibit B.

16. The Policy includes an additional insured endorsement for managers or lessors of the premises; TEL is listed as an additional insured on the endorsement.

17. The Policy provides, in pertinent part, as follows:

> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any "suit" that may result.
>
> * * * * * * *
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory . . ."

18. "Occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

19. The Policy also contains the following exclusion:

> ASSAULT AND BATTERY EXCLUSION
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> It is agreed that no coverage shall apply under this Coverage Part for any claim, demand or suit based on Assault and Battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.
>
> It is further agreed that claims, accusations or charges of negligent hiring, placement, training or supervision arising from actual or alleged assault or battery are not covered and no duty to defend any insured from such claims, accusations and charges is provided.
>
> All other terms and conditions remain unchanged.

**Count I - Declaratory Relief**

20. Plaintiff Mount Vernon reasserts and realleges Paragraphs 1 through 19 as though fully set forth herein.

21. An actual controversy exists between the Plaintiff and the Defendants concerning their respective rights, duties and obligations under the Policy.

22. The Policy provides no coverage for the claims that have been or may be asserted against any of the Defendants by Cortes for injuries allegedly sustained on July 29, 2006.

23. Any injuries alleged by Cortes were not the result of an occurrence within the meaning of the Policy, and all claims by Cortes are specifically excluded from coverage pursuant to the Policy's Assault and Battery Exclusion.

24. Mount Vernon is providing a defense to Giza and Massarone in the Cortes lawsuit pursuant to a reservation of rights.

25. Mount Vernon is entitled to a declaratory judgment that it owes no duty to defend or indemnify any of the Defendants in connection with the Cortes lawsuit.

WHEREFORE, Mount Vernon Fire Insurance Company respectfully requests that the Court declare that Mount Vernon has no duty to defend and indemnify any of the Defendants in connection with the Cortes lawsuit and grant such other and further relief as the Court deems just and proper.

**Plaintiff hereby demands a jury trial on all claims so triable.**

Mount Vernon Fire Insurance Company
By its attorneys,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
dwollin@apslaw.com
Date: June 4, 2008

*454565_1.doc*