UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>VS.<br><br>STAGEHANDS, INC. d/b/a GIZA, ANTHONY MASSARONE, and TEL REALTY, LLC,<br><br>Defendants. | : | C.A. No.: 1:08-cv-00224-S-DLM |

**ANSWER AND JURY TRIAL DEMAND OF ANTHONY MASSARONE**

Defendant Anthony Massarone ("Massarone"), by and through his attorney, hereby answers the Complaint for Declaratory Relief and Jury Trial Demand filed by the Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon"):

**Nature of the Action**

1. Massarone denies that the claims are excluded under the terms, conditions and/or exclusions of the subject insurance policy, but otherwise admits the allegations of Paragraph 1.

**Jurisdiction and Venue**

2. Massarone denies that the amount in controversy exceeds seventy-five thousand dollars ($75,000) and Massarone lacks personal information sufficient to form a belief as to the truth of the allegation that this Court has jurisdiction in that diversity of citizenship exists between the Plaintiff and all Defendants.

3. Massarone denies that venue in the federal court is proper; but Massarone otherwise admits the allegations of Paragraph 3.

4. Massarone admits the allegations of Paragraph 4.

5. Massarone admits the allegations of Paragraph 5.

6. Massarone admits the allegations of Paragraph 6.

7. Massarone lacks personal information sufficient to form a belief as to the truth of the allegation that none of the members of TEL Realty, LLC ("TEL") are residents of Pennsylvania; but otherwise admits the allegations of Paragraph 7.

8. Massarone admits the allegations of Paragraph 8 but denies liability.

9. Massarone admits the allegations of Paragraph 9 but denies liability.

10. Massarone admits the allegations of Paragraph 10 but denies liability.

11. Massarone admits the allegations of Paragraph 11 but denies liability.

12. Massarone denies that Victor Cortes ("Cortes") alleges in his complaint that Massarone was negligent in his "training" of Giza's employees; and denies liability; but otherwise admits the allegations of Paragraph 12.

13. Massarone admits that Cortes claims to have been shot in the head in the parking lot of Giza and that Cortes alleges severe and permanent injuries resulting therefrom; but Massarone otherwise denies the allegations of Paragraph 13.

14. Massarone admits that a criminal action is pending in the Providence Superior Court against Luis Mercado ("Mercado") for Assault with Intent – Specified Felonies; Felony Assault; and other criminal offenses; but Massarone denies liability and otherwise lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

**The Insurance Policy**

15. Massarone lacks information sufficient to form a belief as to the truth of the allegation that there is a gap in coverage from July 5, 2006 to July 24, 2006 in the Policy as represented in Exhibit B; but Massarone otherwise admits the allegations of Paragraph 15.

16. Massarone admits the allegations of Paragraph 16.

17. Massarone admits the allegations of Paragraph 17.

18. Massarone admits the allegations of Paragraph 18.

19. Massarone admits the allegations of Paragraph 19.

**Count I – Declaratory Relief**

20. Massarone reasserts and realleges Paragraphs 1 through 19 as though fully set forth herein.

21. Massarone admits the allegations of Paragraph 21.

22. Massarone denies the allegations of Paragraph 22.

23. Massarone denies the allegations of Paragraph 23.

24. Massarone admits the allegations of Paragraph 24.

25. Massarone denies the allegations of Paragraph 25.

WHEREFORE, Massarone respectfully requests that the Court deny and dismiss Mount Vernon's declaratory judgment action, grant Massarone his reasonable attorney's fees and costs in defense of this action, and grant Massarone such other and further relief as the Court deems meet and just.

**Affirmative Defenses**

1. Failure to join necessary and indispensable parties.

2. Lack of subject matter jurisdiction.

3. Lack of personal jurisdiction.

4. Improper venue.

MASSARONE HEREBY DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

Defendant,
ANTHONY MASSARONE,
By his Attorney,

/s/ Albin S. Moser
Albin S. Moser, Esq. (#6166)
111 Wayland Avenue
Providence, RI 02906
(401) 331-6100
(401) 273-0937 (Fax)
albinmoser@hotmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 31, 2008, I sent a true copy of the within Answer and Jury Trial Demand of Anthony Massarone by electronic means (ECF) to the following counsel of record:

For Plaintiff,
Mount Vernon Fire Insurance Company:

David A. Wollin, Esq.
dwollin@apslaw.com

/s/ Albin S. Moser, Esq.