UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY,<br><br>Plaintiff, | : | |
| VS. | : | C.A. No.: 1:08-cv-00224-S-DLM |
| STAGEHANDS, INC. d/b/a GIZA, ANTHONY MASSARONE, and TEL REALTY, LLC,<br><br>Defendants. | : | |

**ANSWER AND JURY TRIAL DEMAND OF STAGEBANDS, INC. D/B/A GIZA**

Defendant Stagebands, Inc. d/b/a Giza ("Giza"), by and through its attorney, hereby answers the Complaint for Declaratory Relief and Jury Trial Demand filed by the Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon"):

**Nature of the Action**

1. Giza denies that the claims are excluded under the terms, conditions and/or exclusions of the subject insurance policy, but otherwise admits the allegations of Paragraph 1.

**Jurisdiction and Venue**

2. Giza denies that the amount in controversy exceeds seventy-five thousand dollars ($75,000) and Giza lacks personal information sufficient to form a belief as to the truth of the allegation that this Court has jurisdiction in that diversity of citizenship exists between the Plaintiff and all Defendants.

3. Giza denies that venue in the federal court is proper; but Giza otherwise admits the allegations of Paragraph 3.

4. Giza admits the allegations of Paragraph 4.

5. Giza admits the allegations of Paragraph 5.

6. Giza admits the allegations of Paragraph 6.

7. Giza lacks personal information sufficient to form a belief as to the truth of the allegation that none of the members of TEL Realty, LLC ("TEL") are residents of Pennsylvania; but otherwise admits the allegations of Paragraph 7.

8. Giza admits the allegations of Paragraph 8 but denies liability.

9. Giza admits the allegations of Paragraph 9 but denies liability.

10. Giza admits the allegations of Paragraph 10 but denies liability.

11. Giza admits the allegations of Paragraph 11 but denies liability.

12. Giza denies that Victor Cortes ("Cortes") alleges in his complaint that Giza was negligent in his "training" of Giza's employees; and denies liability; but otherwise admits the allegations of Paragraph 12.

13. Giza admits that Cortes claims to have been shot in the head in the parking lot of Giza and that Cortes alleges severe and permanent injuries resulting therefrom; but Giza otherwise denies the allegations of Paragraph 13.

14. Giza admits that a criminal action is pending in the Providence Superior Court against Luis Mercado ("Mercado") for Assault with Intent – Specified Felonies; Felony Assault; and other criminal offenses; but Giza denies liability and otherwise lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

**The Insurance Policy**

15. Giza lacks information sufficient to form a belief as to the truth of the allegation that there is a gap in coverage from July 5, 2006 to July 24, 2006 in the Policy as represented in Exhibit B; but Giza otherwise admits the allegations of Paragraph 15.

16. Giza admits the allegations of Paragraph 16.

17. Giza admits the allegations of Paragraph 17.

18. Giza admits the allegations of Paragraph 18.

19. Giza admits the allegations of Paragraph 19.

**Count I – Declaratory Relief**

20. Giza reasserts and realleges Paragraphs 1 through 19 as though fully set forth herein.

21. Giza admits the allegations of Paragraph 21.

22. Giza denies the allegations of Paragraph 22.

23. Giza denies the allegations of Paragraph 23.

24. Giza admits the allegations of Paragraph 24.

25. Giza denies the allegations of Paragraph 25.

WHEREFORE, Giza respectfully requests that the Court deny and dismiss Mount Vernon's declaratory judgment action, grant Giza its reasonable attorney's fees and costs in defense of this action, and grant Giza such other and further relief as the Court deems meet and just.

**Affirmative Defenses**

1. Failure to join necessary and indispensable parties.

2. Lack of subject matter jurisdiction.

3. Lack of personal jurisdiction.

4. Improper venue.

GIZA HEREBY DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

Defendant,
STAGEBANDS, INC. D/B/A GIZA,
By its Attorney,

/s/ Albin S. Moser
Albin S. Moser, Esq. (#6166)
111 Wayland Avenue
Providence, RI 02906
(401) 331-6100
(401) 273-0937 (Fax)
albinmoser@hotmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 31, 2008, I sent a true copy of the within Answer and Jury Trial Demand of Stagebands, Inc. d/b/a Giza by electronic means (ECF) to the following counsel of record:

For Plaintiff,
Mount Vernon Fire Insurance Company:

David A. Wollin, Esq.
dwollin@apslaw.com

/s/ Albin S. Moser, Esq.