HRR:tsp 6983/4 \pleading\69834Answer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY | ) | |
| | ) | |
| VS. | ) | C.A. No. 08-224-S |
| | ) | |
| STAGEHANDS, INC. d/b/a GIZA, ANTHONY MASSARONE, and TEL REALTY, LLC | ) | |

# ANSWER

## Nature of the Action

1. Admitted in part, denied in part. Admitted that the complaint seeks a declaratory judgment pursuant to 28 U.S.C. §2201 and Fed. R. Civ. Proc. 57 and that Mount Vernon seeks a declaration that it owes no duty either to defend or indemnify the defendants in connection with claims made as a result of alleged injuries to Victor Cortes on or about July 29, 2006 in Providence, Rhode Island. Denied that the claims are excluded under the terms, conditions and/or exclusions of the subject insurance policy.

## Jurisdiction and Venue

2. Neither admitted nor denied as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

3. Neither admitted nor denied as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

## Parties

4. Admitted.

5. Denied. According to the State of Rhode Island and Providence Plantations Office of the Secretary of State, the correct corporate name for the business located at 95 Hartford Avenue, Providence, Rhode Island 02909 operated as Giza is

STAGebands, Inc.

6. Admitted.

7. Admitted.

## Background

8. Admitted in part. Admitted that there is a Providence County civil action number 08-2957 entitled "Victor Cortes v. Stagebands, Inc. d/b/a Giza and Anthony Massarone" which was filed on April 17, 2008. Neither admitted nor denied as to whether defendants Giza and Massarone had asserted that Mount Vernon owes defense and indemnity obligations to them for claims made in connection with that lawsuit. As to defendant TEL Realty, LLC., since it is not named as a party in the aforementioned lawsuit, it is unknown and speculative to attempt to determine whether or not TEL Realty, LLC. will assert a claim that Mount Vernon owes defense and indemnity obligations to it.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted in part. Denied in part. Denied that Cortes alleges negligent "training". Admitted as to the remainder.

13. Neither admitted nor denied as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

14. Neither admitted nor denied as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

## The Insurance Policy

15. Admitted in part. Admitted that a certified copy of the policy identified as Exhibit B was attached to the within complaint and it reflects that Mount Vernon issued to Giza a commercial package policy bearing policy number CP2122268A with effective dates of November 12, 2005 to November 12, 2006. Neither admitted nor

denied as to the remainder.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

**COUNT I - Declaratory Relief**

20. Defendant reasserts and realleges paragraphs 1 through 19 of its answer as though fully set forth herein.

21. Denied as to TEL Realty, LLC.

22. Neither admitted nor denied as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

23. Neither admitted nor denied as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

24. Admitted.

25. Denied.

WHEREFORE, defendant demands judgment against the plaintiff, Mount Vernon Fire Insurance Company, and respectfully requests that the court declare that the controversy is not ripe as to the defendant TEL Realty, LLC and dismiss the within action without prejudice to refiling or in the alternative to stay the action until such time that an actual controversy exists as to TEL Realty and/or that the underlying complaint against Giza and Massarone is concluded.

**FIRST AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads failure to state a claim upon which relief can be granted as to TEL Realty, LLC as the matter is not ripe for determination given no demand for coverage has been made to date and TEL Realty, LLC. is not a party to the

lawsuit brought by Victor Cortes at this time.

**SECOND AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads all potential defenses which might avail to it should TEL Realty, LLC be added to the underlying action as TEL Realty, LLC is not a party to the lawsuit brought by Victor Cortes as of the date of the within matter.

**THIRD AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads lack of jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads failure to add necessary and indispensable parties.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads intervening cause.

**SIXTH AFFIRMATIVE DEFENSE**

______Defendant affirmatively pleads superceding cause.

Defendant hereby demands a trial by jury.

DEFENDANT, TEL REALTY, LLC
By its Attorney,

/s/ Holly R. Rao
Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 5th day of August, 2008, and that a copy is available for viewing and downloading via the ECF system and that I have caused a copy to be sent to:

David A. Wollin, Esq.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

/s/ Holly R. Rao